IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

Civil Action No.:  5:25-cv-1092-SAL

| | |
|---|---|
| Dasia Lucas, Chukeya Williams, Tamika Thomas and David Riley, Personal Representative for the Estate of Shemyia Riley, and Laquetta Simpson, Personal Representative for the Estate of Zeleria Simpson,<br><br>     PLAINTIFFS,<br><br>     v.<br><br>Leon Porter, individually,<br><br>     DEFENDANT. | **COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

The Plaintiffs named herein, complaining of the Defendants, would respectfully show unto this Honorable Court and allege as follows:

**Parties**

1.  The Plaintiff, Dasia Lucas ("Lucas"), is a citizen and resident of Orangeburg County, State of South Carolina.

2.  The Plaintiff, Chukeya Williams ("Williams"), is a citizen and resident of Horry County, State of South Carolina.

3.  Decedent, Shemyia Riley, was a citizen and resident of Orangeburg County, State of South Carolina. Tamika Thomas and David Riley are the duly appointed Personal Representatives of her Estate (collectively, "Riley").

1

4.   Decedent Zeleria Simpson was a citizen and resident of Sumter County, State of South Carolina. Laquetta Simpson is the duly appointed Personal Representative of her Estate (collectively, "Simpson").

5.   Plaintiffs above-named are collectively referred to herein as "Plaintiffs/Decedents."

6.   Defendant Leon Porter ("Porter") is a citizen and resident of Orangeburg County, State of South Carolina. At all relevant times hereinafter mentioned, this Defendant was acting individually as an employee and/or supervising administrator of the South Carolina Highway Patrol via employment as a South Carolina State Trooper. For purposes of claims asserted under 42 U.S.C. § 1983, this Defendant is being sued in his individual capacity, under the color of state law. Upon information and belief, this Defendant either had direct contact with the Plaintiffs and Plaintiff Decedents, had direct knowledge of their then existing medical conditions and medical emergencies (including their urgent need for medical care), or supervised others who had direct contact with them.

During the time period in question, the Plaintiffs/Decedents' Constitutional rights were well and clearly established and well known to the Defendant listed above, including but not limited to the Plaintiffs/Decedents' rights to appropriate medical/health care and due process. Additionally, this Defendant had actual and/or constructive knowledge that his subordinates were engaged in conduct that posed a pervasive and unreasonable risk of Constitutional injury to the Plaintiffs/Decedents. Further, the response of this Defendant to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the offenses by him alleged herein; and there was a causal link between his actions and/or inactions and the Constitutional injury suffered by Plaintiffs/Decedents.

7. Upon information and belief, the Defendant further created extremely dangerous conditions likely to lead to medical emergencies that could cause death by performing certain acts and omissions during a high speed chase in the middle of the City of Orangeburg near a University campus, and therefore, prior to the medical emergencies happening the Defendant was aware of the necessity of appropriate medical response and had the obligation to secure appropriate medical/healthcare and treatment, refrain from utilizing physical cruelty and to afford Plaintiffs/Decedents due process. Defendant was deliberately indifferent to the emergent medical needs of the Plaintiffs/Decedents by consciously failing to secure the appropriate medical care. A more detailed description of the Defendant's actions is set out below. During the time period in question, the Plaintiffs/Decedents' Constitutional rights were clear and well established and well known to the Defendant listed above, including but not limited to the Plaintiffs/Decedents' right to appropriate medical care. For purposes of claims asserted under 42 U.S.C. § 1983, this Defendant is being sued in his individual capacity under the color of state law.

8. This case is filed pursuant to 42 U.S.C. §§ 1983, 1988, and other federal laws, including but not limited to the United States Constitution.

9. Subject matter jurisdiction is conferred upon the Court by 28 U.S.C.A. §§ 1331, 1367 (a), (b), (c), (d), and 1343, and 28 U.S.C.A. §§ 2201 and 2202.

10. Venue is proper in this District.

## Factual Allegations

11. On or about February 25, 2022, at approximately 01:04 a.m., Porter was at the traffic light on U.S. 601, facing South, when he observed a Hyundai Sonata traveling on U.S. 178. Fuquan Hills ("Hills") was the driver of the Hyundai Sonata, and Plaintiffs Lucas, Chukeya, and Decedent Riley were passengers in his car.

3

12. Hills was driving above the posted speed limit. Porter activated his blue lights to conduct a traffic stop of Hills.

13. Hills failed to stop the vehicle and instead performed a U-turn to go in the opposite direction on U.S. 178. Porter u-turned and pursued Hills.

14. Porter, then a Sergeant and ranking supervising member of the South Carolina Highway Patrol, engaged in conduct that mimicked that of Hills. During the reckless pursuit, Porter related no communications to indicate any suspicion of criminal activity outside of the traffic violation for speeding.

15. As Porter continued to chase, without the use of the sirens of his patrol vehicle, and driving at extremely dangerous speeds, and due to Porter's chasing style, Hills disregarded at least four (4) red traffic lights and made at least two U-turns, jumped curbs, achieved speeds in excess of one hundred twenty-five (125) miles per hour, and ultimately disregarded a red light at the intersection of U.S. 178 and U.S. 301, causing a collision with another vehicle. That vehicle was being operated by Decedent Simpson, who proceeded into the intersection after her traffic light turned green.

16. As a result of Porter's actions and the collision, Plaintiffs Lucas and Chukeya suffered great bodily injury. Decedent Riley ultimately died from her injuries. Decedent Simpson also ultimately died from her injuries.

17. Porter knew or should have known and/or anticipated that Hills had or may have had innocent passengers trapped in Hills' vehicle at the time of the chase. Porter, due to his experience on the South Carolina Highway Patrol and in his role as a supervisor with the Highway Patrol, knew that the manner in which he was chasing Hills would most likely lead to a collision between

Hills and an innocent vehicle, to wit Decedent Simpson, such that emergency medical attention would be immediately required by Porter and others upon the collision taking place.

18. The chase covered over five (5) miles, lasting almost ten (10) minutes in the City of Orangeburg, including in and on a university campus filled with innocent college students.

19. Throughout the chase, Porter never contacted an Emergency Response Supervisor or other medical first responders to prepare them for the inevitable emergency medical needs of any passengers in Hills' vehicle or innocent bystanders, to wit, Decedent Simpson, when a foreseeable collision occurred.

20. Throughout the chase, Porter never contacted another law enforcement officer for assistance. However, he did radio his and Hills location and direction to dispatch. Having done so, Porter could have disengaged but instead continued to chase.

21. Throughout the chase, Porter never engaged his patrol vehicles emergency sirens which would provide auditory warnings to other motorists or pedestrians on the road, to wit, Decedent Simpson, while he chased Hills at over 125mph through town.

22. Porter's chase was in violation of the written policies of the South Carolina Department of Public Safety, South Carolina Highway Patrol, and all then existing law enforcement standards.

23. Porter should have ceased the chase immediately given the geographical area and particulars, including the fact that the sole reason for the initial traffic stop was a simple traffic offense of speeding.

24. At the time Porter first turned on his blue lights to attempt to stop Hills, Plaintiffs were unaware that Hills was traveling in excess of the speed limit.

25. During the chase, Porter blew through multiple red lights at excessive speed without slowing down or stopping for any cross-traffic.

5

26. At one point during the chase, and at speeds in excess of 100mph, Hills turned the lights off to his vehicle. Despite this, Porter continued to chase at excessive speeds through the City of Orangeburg.

27. In the moments leading up to the collision between Hills and Decedent Simpson's vehicles, Porter yells "Oh shoot, oh oh oh, he just got in a wreck." Defendant Hills collided with Decedent Simpson's vehicle at such a speed as would lead any ordinary person, let alone Porter, to know that emergency medical aid would need to immediately be rendered. Porter had a duty, and Plaintiffs/Decedents had a Constitutional right to receive emergency medical assistance from Porter, who himself created the danger and need for emergency medical aid.

28. Instead of rendering aid to Plaintiffs/Decedents, Porter drew his service weapon and approached Hills' vehicle prepared to use deadly force.

29. Despite radio traffic indicated that at least one officer who arrived on scene believe there may have been one fatality, Porter did not attempt to ever provide medical aid with the clear emergency medical needs of Plaintiffs/Decedents.

30. Porter never attempted to even check on the medical condition of Decedent Simpson. In fact, Porter never went to her vehicle.

31. When interacting with Plaintiffs' Lucas, Williams, and Riley, some of whom were responsive and begging for help, including telling law enforcement "my arm is broken," Porter stated to them sternly that "you should have stopped" as though they were operating the vehicle.

32. In fact, during the chase, at least one Plaintiff, Lucas, was messaging her family saying goodbye because Hills would not stop the vehicle, and she feared for her life.

33. This interaction is further evidence of Porter's deliberate indifference to the then existing medical emergencies Plaintiffs/Decedents were suffering at the time.

6

34. Porter also yelled the following statements at and to Plaintiffs/Decedents while they were in the vehicle suffering from excruciating pain, great physical bodily injury, in the case of Decedent Riley, in the process of dying from physical injuries, and even though all of them were effectively hostages of Hills when he refused to stop the vehicle for them, evidencing his overt deliberate indifference to then existing medical emergencies of Plaintiffs/Decedents:

    a.  "You brought all this on yourself."

    b.  "Don't lie, because you should have stopped."

    c.  "Wipe your eyes [stop crying like a baby]."

    d.  "Do not move."

    e.  "Sit down."

    f.  "You need to, you should have stopped."

    g.  "You were speeding, yes you were, I went around all those cars."

35. Plaintiff Williams stated to law enforcement that she did, in fact, pee on herself.

36. At all times complained of herein, Defendant Porter acted with deliberate indifference to the wellbeing and civil rights of Plaintiffs/Decedents in violation of the United States Constitution.

37. Plaintiffs/Decedents are entitled to punitive damages against Defendant.

**FOR A FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Violation of Plaintiffs Lucas and Williams Civil Rights Under the 4th and 8th Amendment to the Constitution of the United States of America for FAILURE TO PROVIDE MEDICAL CARE)**

38. The foregoing factual allegations are made a part of this Cause of Action through incorporation by reference.

39. Defendant was acting under the color or pretense of State law, customs, practices, usage, and/or policy at all times mentioned herein as an officer and/or supervisor with the South Carolina

Highway Patrol and had certain duties imposed upon him with regard to Plaintiffs. Additionally, during the time period in question, Defendant was well aware of the Plaintiffs' constitutional rights, including their right to proper medical care and to be free from cruel and unusual punishment.

40. Defendant was consciously and deliberately indifferent to the Plaintiffs on or around February 25, 2022, in the following particulars to wit:

     a. In consciously failing to provide reasonable, necessary and appropriate medical/mental health care to the Plaintiffs/Decedents when he had the opportunity and obligation to do so. Further, in failing to provide reasonable, necessary and appropriate medical/mental health care to the Plaintiffs – who had serious medical/mental health conditions which was open and obvious to Defendant who had contact with them;

     b. In consciously failing to use even slight care and caution in the safekeeping of Plaintiffs;

     c. In entering into a pattern and practice of failing to provide appropriate medical/mental health care;

     d. In entering into a pattern and practice of administering cruel and unusual punishment without due process, including but not limited to mentally and verbally torturing Plaintiffs post-collision for "speeding" when they, in fact, were not in control of the vehicle driven by Hills but instead victims of Hills;

     e. In consciously failing to sufficiently screen, classify and/or monitor Plaintiffs while they were effectively detained by Defendant due to his actions in chasing in the

fashion that he did resulting in a collision, so as to determine the severity of their condition and to recognize and prevent additional physical and/or mental injury;

f. In knowingly, deliberately and consciously denying appropriate medical/mental health care to Plaintiffs;

g. In engaging in a pattern and practice of consciously failing to provide reasonable and necessary medical/mental health care and/or treatment to Plaintiffs as detainees in his custody post-collision – causing them to needlessly suffer and/or die;

h. In engaging in a pattern and practice of failing to provide appropriate care and concern for Plaintiffs while chasing Hills at over 125mph in the middle of the City of Orangeburg;

i. In failing to properly consider the medical and mental health injuries foreseeably possible based on Defendant's own conduct during the chase and appropriately preparing emergency responders for the open and obviously likelihood emergency responders medical care would be required soon;

j. In consciously failing to properly care for Plaintiffs, when Defendant and his subordinate personnel, agents and/or officers knew or should have known that Plaintiffs were in dire need of either medical assistance and/or treatment;

k. In consciously failing to monitor the Plaintiffs while on scene post-collision so Defendant could provide emergency medical updates to any emergency medical responders in route to the scene such that they would be adequately prepared to treat Plaintiffs then existing medical emergencies;

l.  In consciously failing to monitor Plaintiffs and take steps to provide medical assistance to them when Defendant knew or should have known Plaintiffs were in such a state that they would be unable to care for themselves;

m.  In consciously withholding proper medical/mental health information from emergency medical responders in route to the scene post-collision such that said failure exacerbated and/or unnecessarily extended conscious pain and suffering of Plaintiffs from their then existing medical emergencies;

n.  In consciously failing to have the proper policy and procedures necessary to ensure that Plaintiffs are provided basic and/or appropriate medical/mental health care post-high speed chase;

o.  If said procedures do exist, in consciously failing to follow the same;

p.  In abandoning Plaintiffs when they were in desperate need for medical care;

q.  In consciously failing to follow the mandates of the South Carolina Highway Patrol Policies and Procedures and/or Post Orders;

r.  In consciously failing to follow the mandates of the **South Carolina Department of Public Safety Standard Operating Procedures (SOP) on Vehicular Pursuit Management Techniques**;

s.  In consciously failing to follow the mandates of the **South Carolina Department of Public Safety Standard Operating Procedures (SOP) on Emergency Response/Vehicle and Foot Pursuit**;

t.  In failing to start and implement the appropriate life saving measures post-collision on February 25, 2022, when Plaintiffs were first contacted.

41. As a direct and proximate result of the Defendant's acts of willful, malicious, conscious and deliberate indifference, Plaintiffs suffered deprivations of their rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

42. As a result, Plaintiffs suffered conscious pain, mental and physical suffering, indignity, mental anguish, emotional distress, attorneys' fees, undue grief, and loss of their aforementioned federal rights.

43. As a result, Plaintiffs demand ACTUAL, CONSEQUENTIAL, and PUNITIVE DAMAGES from the Defendant.

## FOR A SECOND CAUSE OF ACTION
**(42 U.S.C. § 1983 – Violation of Plaintiffs/Decedents Riley and Simpson's Civil Rights Under the 4th Amendment, and 8th Amendment as to Plaintiff/Decedent Riley, to the Constitution of the United States of America for FAILURE TO PROVIDE MEDICAL CARE)**
**(SURVIVAL)**

44. The foregoing factual allegations are made a part of this Cause of Action through incorporation by reference.

45. Defendant was acting under the color or pretense of State law, customs, practices, usage, and/or policy at all times mentioned herein as an officer and/or supervisor with the South Carolina Highway Patrol and had certain duties imposed upon him with regard to Plaintiffs/Decedents. Additionally, during the time period in question, Defendant was well aware of the Plaintiffs/Decedents' constitutional rights, including their right to proper medical care and to be free from cruel and unusual punishment.

46. Defendant was consciously and deliberately indifferent to the Plaintiffs/Decedents on or around February 25, 2022, in the following particulars to wit:

a. In consciously failing to provide reasonable, necessary and appropriate medical/mental health care to the Plaintiffs/Decedents when he had the opportunity and obligation to do so. Further, in failing to provide reasonable, necessary and appropriate medical/mental health care to the Plaintiffs/Decedents – who had serious medical/mental health conditions which was open and obvious to Defendant who had contact with them;

b. In consciously failing to use even slight care and caution in the safekeeping of Plaintiffs/Decedents;

c. In entering into a pattern and practice of failing to provide appropriate medical/mental health care;

d. In entering into a pattern and practice of administering cruel and unusual punishment without due process, including but not limited to mentally and verbally torturing Plaintiffs/Decedents post-collision for "speeding" when they, in fact, were not in control of the vehicle driven by Hills but instead victims of Hills;

e. In consciously failing to sufficiently screen, classify and/or monitor Plaintiffs/Decedents while they were effectively detained by Defendant due to his actions in chasing in the fashion that he did resulting in a collision, so as to determine the severity of their condition and to recognize and prevent additional physical and/or mental injury, and in the case of Decedents Riley and Simpson, their death;

f. In knowingly, deliberately and consciously denying appropriate medical/mental health care to Plaintiffs/Decedents;

g.  In engaging in a pattern and practice of consciously failing to provide reasonable and necessary medical/mental health care and/or treatment to Plaintiffs/Decedent(s) as detainees in his custody post-collision – causing them to needlessly suffer and/or die;

h.  In engaging in a pattern and practice of failing to provide appropriate care and concern for Plaintiffs/Decedents while chasing Hills at over 125mph in the middle of the City of Orangeburg;

i.  In failing to properly consider the medical and mental health injuries foreseeably possible based on Defendant's own conduct during the chase and appropriately preparing emergency responders for the open and obviously likelihood emergency responders medical care would be required soon;

j.  In consciously failing to properly care for Plaintiffs/Decedents, when Defendant and his subordinate personnel, agents and/or officers knew or should have known that Plaintiffs/Decedents were in dire need of either medical assistance and/or treatment;

k.  In consciously failing to monitor the Plaintiffs/Decedents while on scene post-collision so Defendant could provide emergency medical updates to any emergency medical responders in route to the scene such that they would be adequately prepared to treat Plaintiffs/Decedents then existing medical emergencies;

l.  In consciously failing to monitor Plaintiffs/Decedents and take steps to provide medical assistance to them when Defendant knew or should have known Plaintiffs/Decedents were in such a state that they would be unable to care for themselves;

13

m. In consciously failing to monitor Decedents Riley and Simpson and take adequate steps to recognize and attempt to prevent their ultimate death;

n. In consciously withholding proper medical/mental health information from emergency medical responders in route to the scene post-collision such that said failure exacerbated and/or unnecessarily extended conscious pain and suffering of Plaintiffs/Decedents from their then existing medical emergencies;

o. In consciously failing to have the proper policy and procedures necessary to ensure that Plaintiffs/Decedents are provided basic and/or appropriate medical/mental health care post-high speed chase;

p. If said procedures do exist, in consciously failing to follow the same;

q. In abandoning Plaintiffs/Decedents when they were in desperate need for medical care;

r. In consciously failing to follow the mandates of the South Carolina Highway Patrol Policies and Procedures and/or Post Orders;

s. In consciously failing to follow the mandates of the **South Carolina Department of Public Safety Standard Operating Procedures (SOP) on Vehicular Pursuit Management Techniques**;

t. In consciously failing to follow the mandates of the **South Carolina Department of Public Safety Standard Operating Procedures (SOP) on Emergency Response/Vehicle and Foot Pursuit**;

u. In failing to start and implement the appropriate life saving measures post-collision on February 25, 2022, when Decedents Riley and Simpson were first contacted.

14

47. As a direct and proximate result of the Defendant's acts of willful, malicious, conscious and deliberate indifference, Plaintiffs/Decedents suffered deprivations of their rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Additionally, as a direct result of the above, Decedents Riley and Simpson suffered needlessly and ultimately died.

48. As a result, Plaintiffs/Decedents suffered conscious pain, mental and physical suffering, indignity, and loss of their aforementioned federal rights. Plaintiffs/Decedents Riley and Simpson have suffered the loss of the lives of the Decedents, loss of their love and support, mental anguish, emotional distress, incurred funeral expenses, attorneys' fees, and undue grief, and will likely suffer from the effects of Defendant's actions now and in the future, and Plaintiffs/Decedents Riley and Simpson demand ACTUAL, CONSEQUENTIAL, and PUNITIVE DAMAGES from the Defendant.

### FOR A THIRD CAUSE OF ACTION
**(42 U.S.C. § 1983 – Violation of Plaintiffs/Decedents Riley and Simpson's Civil Rights Under the 4th Amendment, and 8th Amendment as to Plaintiff/Decedent Riley, to the Constitution of the United States of America for FAILURE TO PROVIDE MEDICAL CARE)**
**(WRONGFUL DEATH)**

49. The foregoing factual allegations are made a part of this Cause of Action through incorporation by reference.

50. Defendant was acting under the color or pretense of State law, customs, practices, usage, and/or policy at all times mentioned herein as an officer and/or supervisor with the South Carolina Highway Patrol and had certain duties imposed upon him with regard to Plaintiffs/Decedents. Additionally, during the time period in question, Defendant was well aware of the

Plaintiffs/Decedents' constitutional rights, including their right to proper medical care and to be free from cruel and unusual punishment.

51. Defendant was consciously and deliberately indifferent to the Plaintiffs/Decedents on or around February 25, 2022, in the following particulars to wit:

  a. In consciously failing to provide reasonable, necessary and appropriate medical/mental health care to the Plaintiffs/Decedents when he had the opportunity and obligation to do so. Further, in failing to provide reasonable, necessary and appropriate medical/mental health care to the Plaintiffs/Decedents – who had serious medical/mental health conditions which was open and obvious to Defendant who had contact with them;

  b. In consciously failing to use even slight care and caution in the safekeeping of Plaintiffs/Decedents;

  c. In entering into a pattern and practice of failing to provide appropriate medical/mental health care;

  d. In entering into a pattern and practice of administering cruel and unusual punishment without due process, including but not limited to mentally and verbally torturing Plaintiffs/Decedents post-collision for "speeding" when they, in fact, were not in control of the vehicle driven by Hills but instead victims of Hills;

  e. In consciously failing to sufficiently screen, classify and/or monitor Plaintiffs/Decedents while they were effectively detained by Defendant due to his actions in chasing in the fashion that he did resulting in a collision, so as to determine the severity of their condition and to recognize and prevent additional

16

physical and/or mental injury, and in the case of Decedents Riley and Simpson, their death;

f.    In knowingly, deliberately and consciously denying appropriate medical/mental health care to Plaintiffs/Decedents;

g.    In engaging in a pattern and practice of consciously failing to provide reasonable and necessary medical/mental health care and/or treatment to Plaintiffs/Decedent(s) as detainees in his custody post-collision – causing them to needlessly suffer and/or die;

h.    In engaging in a pattern and practice of failing to provide appropriate care and concern for Plaintiffs/Decedents while chasing Hills at over 125mph in the middle of the City of Orangeburg;

i.    In failing to properly consider the medical and mental health injuries foreseeably possible based on Defendant's own conduct during the chase and appropriately preparing emergency responders for the open and obviously likelihood emergency responders medical care would be required soon;

j.    In consciously failing to properly care for Plaintiffs/Decedents, when Defendant and his subordinate personnel, agents and/or officers knew or should have known that Plaintiffs/Decedents were in dire need of either medical assistance and/or treatment;

k.    In consciously failing to monitor the Plaintiffs/Decedents while on scene post-collision so Defendant could provide emergency medical updates to any emergency medical responders in route to the scene such that they would be adequately prepared to treat Plaintiffs/Decedents then existing medical emergencies;

17

l.   In consciously failing to monitor Plaintiffs/Decedents and take steps to provide medical assistance to them when Defendant knew or should have known Plaintiffs/Decedents were in such a state that they would be unable to care for themselves;

m.   In consciously failing to monitor Decedents Riley and Simpson and take adequate steps to recognize and attempt to prevent their ultimate death;

n.   In consciously withholding proper medical/mental health information from emergency medical responders in route to the scene post-collision such that said failure exacerbated and/or unnecessarily extended conscious pain and suffering of Plaintiffs/Decedents from their then existing medical emergencies;

o.   In consciously failing to have the proper policy and procedures necessary to ensure that Plaintiffs/Decedents are provided basic and/or appropriate medical/mental health care post-high speed chase;

p.   If said procedures do exist, in consciously failing to follow the same;

q.   In abandoning Plaintiffs/Decedents when they were in desperate need for medical care;

r.   In consciously failing to follow the mandates of the South Carolina Highway Patrol Policies and Procedures and/or Post Orders;

s.   In consciously failing to follow the mandates of the **South Carolina Department of Public Safety Standard Operating Procedures (SOP) on Vehicular Pursuit Management Techniques**;

t.  In consciously failing to follow the mandates of the **South Carolina Department of Public Safety Standard Operating Procedures (SOP) on Emergency Response/Vehicle and Foot Pursuit**;

u.  In failing to start and implement the appropriate life saving measures post-collision on February 25, 2022, when Decedents Riley and Simpson were first contacted.

52. As a direct and proximate result of the Defendant's acts of willful, malicious, conscious and deliberate indifference, Plaintiffs/Decedents suffered deprivations of their rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Additionally, as a direct result of the above, Decedents Riley and Simpson suffered needlessly and ultimately died.

53. Defendant wrongfully caused the deaths of Decedent Riley and Decedent Simpson by his acts and omissions as described above.

54. As a direct and proximate result of the omissions, the willful and wanton conduct of Defendant, the Plaintiffs have been damaged and suffered as follows:

a.  Loss of financial economic support and contribution of the deceased;

b.  Extreme mental shock and suffering;

c.  Extreme wounded feelings;

d.  Tremendous grief and sorrow;

e.  Loss of friendship and companionship; and

f.  Deprivation of the use and comfort of the deceased's society, knowledge and judgment and experience.

55. Plaintiffs are informed and believes that the Estate of Ms. Riley and Estate of Ms. Simpson are entitled to ACTUAL, CONSEQUENTIAL, and PUNITIVE DAMAGES against Defendant,

pursuant to the violation of Decedents Riley and Simpson's Federal Civil Rights 42 U.S.C. 1983 – Wrongful Death.

56. As a result, the decedent suffering conscious pain, suffering, indignity, and loss of their aforementioned federal rights. Plaintiffs have suffered the loss of the lives of the decedents, loss of their love and support, mental anguish, emotional distress, incurred funeral expenses, attorneys' fees, and undue grief, and will likely suffer from the effects of the Defendant's actions now and in the future, and Plaintiffs demand ACTUAL, CONSEQUENTIAL, and PUNITIVE DAMAGES from the Defendant.

### FOR A FOURTH CAUSE OF ACTION
**(42 U.S.C. § 1983 – Violation of Plaintiffs Lucas and Williams' Civil Rights Under the 14th Amendment to the Constitution of the United States of America)**
**(VIOLATION OF DUE PROCESS – 14TH AMENDMENT)**

57. The foregoing factual allegations are made a part of this Cause of Action through incorporation by reference.

58. Defendant was acting under the color or pretense of State law, customs, practices, usage, and/or policy at all times mentioned herein as an officer and/or supervisor with the South Carolina Highway Patrol and had certain duties imposed upon him with regard to Plaintiffs. Additionally, during the time period in question, Defendant was well aware of the Plaintiffs' constitutional rights including their rights to due process.

59. Defendant's actions were consciously and deliberately indifferent to the Plaintiffs on or around February 25, 2022 in the following particulars to wit:

      a. In consciously failing to provide reasonable, necessary and appropriate medical/mental health care to the Plaintiffs when he had the opportunity and obligation to do so. Further, in failing to provide reasonable, necessary and

appropriate medical/mental health care to the Plaintiffs – who had serious medical/mental health conditions which was open and obvious to Defendant who had contact with them;

b.  In consciously failing to use even slight care and caution in the safekeeping of Plaintiffs;

c.  In entering into a pattern and practice of failing to provide appropriate medical/mental health care;

d.  In entering into a pattern and practice of administering cruel and unusual punishment without due process, including but not limited to mentally and verbally torturing Plaintiffs post-collision for "speeding" when they, in fact, were not in control of the vehicle driven by Hills but instead victims of Hills;

e.  In consciously failing to sufficiently screen, classify and/or monitor Plaintiffs while they were effectively detained by Defendant due to his actions in chasing in the fashion that he did resulting in a collision, so as to determine the severity of their condition and to recognize and prevent additional physical and/or mental injury;

f.  In knowingly, deliberately and consciously denying appropriate medical/mental health care to Plaintiffs;

g.  In engaging in a pattern and practice of consciously failing to provide reasonable and necessary medical/mental health care and/or treatment to Plaintiffs as detainees in his custody post-collision – causing them to needlessly suffer and/or die;

h.  In engaging in a pattern and practice of failing to provide appropriate care and concern for Plaintiffs while chasing Hills at over 125mph in the middle of the City of Orangeburg;

21

i.  In failing to properly consider the medical and mental health injuries foreseeably possible based on Defendant's own conduct during the chase and appropriately preparing emergency responders for the open and obviously likelihood emergency responders medical care would be required soon;

j.  In consciously failing to properly care for Plaintiffs, when Defendant and his subordinate personnel, agents and/or officers knew or should have known that Plaintiffs were in dire need of either medical assistance and/or treatment;

k.  In consciously failing to monitor the Plaintiffs while on scene post-collision so Defendant could provide emergency medical updates to any emergency medical responders in route to the scene such that they would be adequately prepared to treat Plaintiffs then existing medical emergencies;

l.  In consciously failing to monitor Plaintiffs and take steps to provide medical assistance to them when Defendant knew or should have known Plaintiffs were in such a state that they would be unable to care for themselves;

m.  In consciously withholding proper medical/mental health information from emergency medical responders in route to the scene post-collision such that said failure exacerbated and/or unnecessarily extended conscious pain and suffering of Plaintiffs/Decedents from their then existing medical emergencies;

n.  In consciously failing to have the proper policy and procedures necessary to ensure that Plaintiffs are provided basic and/or appropriate medical/mental health care post-high speed chase;

o.  If said procedures do exist, in consciously failing to follow the same;

p.  In abandoning Plaintiffs when they were in desperate need for medical care;

22

q.  In consciously failing to follow the mandates of the South Carolina Highway Patrol Policies and Procedures and/or Post Orders;

r.  In consciously failing to follow the mandates of the **South Carolina Department of Public Safety Standard Operating Procedures (SOP) on Vehicular Pursuit Management Techniques**;

s.  In consciously failing to follow the mandates of the **South Carolina Department of Public Safety Standard Operating Procedures (SOP) on Emergency Response/Vehicle and Foot Pursuit**;

60. In failing to start and implement the appropriate life saving measures post-collision on February 25, 2022, when Plaintiffs were first contacted.

61. As a direct and proximate result of the Defendant's acts of willful, malicious, conscious and deliberate indifference, the Plaintiffs suffered deprivations of their rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

62. As a result, Plaintiffs suffered conscious pain, mental and physical suffering, indignity, mental anguish, emotional distress, attorneys' fees, undue grief, and loss of their aforementioned federal rights.

63. As a result, Plaintiffs demand ACTUAL, CONSEQUENTIAL, and PUNITIVE DAMAGES from the Defendant.

**FOR A FIFTH CAUSE OF ACTION**
**(Violation of Plaintiffs/Decedents Riley and Simpson's Federal Civil Rights 42 U.S.C. 1983)**
**(VIOLATION OF DUE PROCESS – 14TH AMENDMENT)**
**(WRONGFUL DEATH)**

64. The foregoing factual allegations are made a part of this Cause of Action through incorporation by reference.

65. Defendant was acting under the color or pretense of State law, customs, practices, usage, and/or policy at all times mentioned herein as an officer and/or supervisor with the South Carolina Highway Patrol and had certain duties imposed upon him with regard to Plaintiffs/Decedents. Additionally, during the time period in question, Defendant was well aware of the Plaintiffs/Decedents' constitutional rights, including their right to due process.

66. Defendant was consciously and deliberately indifferent to the Plaintiffs/Decedents on or around February 25, 2022, in the following particulars to wit:

    a. In consciously failing to provide reasonable, necessary and appropriate medical/mental health care to the Plaintiffs/Decedents when he had the opportunity and obligation to do so. Further, in failing to provide reasonable, necessary and appropriate medical/mental health care to the Plaintiffs/Decedents – who had serious medical/mental health conditions which was open and obvious to Defendant who had contact with them;

    b. In consciously failing to use even slight care and caution in the safekeeping of Plaintiffs/Decedents;

    c. In entering into a pattern and practice of failing to provide appropriate medical/mental health care;

    d. In entering into a pattern and practice of administering cruel and unusual punishment without due process, including but not limited to mentally and verbally torturing Plaintiffs/Decedents post-collision for "speeding" when they, in fact, were not in control of the vehicle driven by Hills but instead victims of Hills;

    e. In consciously failing to sufficiently screen, classify and/or monitor Plaintiffs/Decedents while they were effectively detained by Defendant due to his

24

actions in chasing in the fashion that he did resulting in a collision, so as to determine the severity of their condition and to recognize and prevent additional physical and/or mental injury, and in the case of Decedents Riley and Simpson, their death;

f.  In knowingly, deliberately and consciously denying appropriate medical/mental health care to Plaintiffs/Decedents;

g.  In engaging in a pattern and practice of consciously failing to provide reasonable and necessary medical/mental health care and/or treatment to Plaintiffs/Decedent(s) as detainees in his custody post-collision – causing them to needlessly suffer and/or die;

h.  In engaging in a pattern and practice of failing to provide appropriate care and concern for Plaintiffs/Decedents while chasing Hills at over 125mph in the middle of the City of Orangeburg;

i.  In failing to properly consider the medical and mental health injuries foreseeably possible based on Defendant's own conduct during the chase and appropriately preparing emergency responders for the open and obviously likelihood emergency responders medical care would be required soon;

j.  In consciously failing to properly care for Plaintiffs/Decedents, when Defendant and his subordinate personnel, agents and/or officers knew or should have known that Plaintiffs/Decedents were in dire need of either medical assistance and/or treatment;

k.  In consciously failing to monitor the Plaintiffs/Decedents while on scene post-collision so Defendant could provide emergency medical updates to any emergency

25

medical responders in route to the scene such that they would be adequately prepared to treat Plaintiffs/Decedents then existing medical emergencies;

l.  In consciously failing to monitor Plaintiffs/Decedents and take steps to provide medical assistance to them when Defendant knew or should have known Plaintiffs/Decedents were in such a state that they would be unable to care for themselves;

m.  In consciously failing to monitor Decedents Riley and Simpson and take adequate steps to recognize and attempt to prevent their ultimate death;

n.  In consciously withholding proper medical/mental health information from emergency medical responders in route to the scene post-collision such that said failure exacerbated and/or unnecessarily extended conscious pain and suffering of Plaintiffs/Decedents from their then existing medical emergencies;

o.  In consciously failing to have the proper policy and procedures necessary to ensure that Plaintiffs/Decedents are provided basic and/or appropriate medical/mental health care post-high speed chase;

p.  If said procedures do exist, in consciously failing to follow the same;

q.  In abandoning Plaintiffs/Decedents when they were in desperate need for medical care;

r.  In consciously failing to follow the mandates of the South Carolina Highway Patrol Policies and Procedures and/or Post Orders;

s.  In consciously failing to follow the mandates of the **South Carolina Department of Public Safety Standard Operating Procedures (SOP) on Vehicular Pursuit Management Techniques**;

26

t.  In consciously failing to follow the mandates of the **South Carolina Department of Public Safety Standard Operating Procedures (SOP) on Emergency Response/Vehicle and Foot Pursuit**;

u.  In failing to start and implement the appropriate life saving measures post-collision on February 25, 2022, when Decedents Riley and Simpson were first contacted.

67. As a direct and proximate result of the Defendant's acts of willful, malicious, conscious and deliberate indifference, Plaintiffs/Decedents suffered deprivations of their rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Additionally, as a direct result of the above, Decedents Riley and Simpson suffered needlessly and ultimately died.

68. Defendant wrongfully caused the deaths of Decedent Riley and Decedent Simpson by his acts and omissions as described above.

69. As a direct and proximate result of the omissions, the willful and wanton conduct of Defendant, the Plaintiffs have been damaged and suffered as follows:

a.  Loss of financial economic support and contribution of the deceased;

b.  Extreme mental shock and suffering;

c.  Extreme wounded feelings;

d.  Tremendous grief and sorrow;

e.  Loss of friendship and companionship; and

f.  Deprivation of the use and comfort of the deceased's society, knowledge and judgment and experience.

70. Plaintiffs are informed and believes that the Estate of Ms. Riley and Estate of Ms. Simpson are entitled to ACTUAL, CONSEQUENTIAL, and PUNITIVE DAMAGES against Defendant,

pursuant to the violation of Decedents Riley and Simpson's Federal Civil Rights 42 U.S.C. 1983

– Wrongful Death.

71. As a result, the decedent suffering conscious pain, suffering, indignity, and loss of their

aforementioned federal rights. Plaintiffs have suffered the loss of the lives of the decedents, loss

of their love and support, mental anguish, emotional distress, incurred funeral expenses, attorneys'

fees, and undue grief, and will likely suffer from the effects of the Defendant's actions now and in

the future, and Plaintiffs demand ACTUAL, CONSEQUENTIAL, and PUNITIVE DAMAGES

from the Defendant.

**<u>FOR A SIXTH CAUSE OF ACTION</u>**
**(Violation of Plaintiffs/Decedents Riley and Simpson's Federal Civil Rights 42 U.S.C. 1983)**
**(VIOLATION OF DUE PROCESS – 14TH AMENDMENT)**
**(SURVIVAL)**

72. The foregoing factual allegations are made a part of this Cause of Action through

incorporation by reference.

73. Defendant was acting under the color or pretense of State law, customs, practices, usage,

and/or policy at all times mentioned herein as an officer and/or supervisor with the South Carolina

Highway Patrol and had certain duties imposed upon him with regard to Plaintiffs/Decedents.

Additionally, during the time period in question, Defendant was well aware of the

Plaintiffs/Decedents' constitutional rights, including their right to due process.

74. Defendant was consciously and deliberately indifferent to the Plaintiffs/Decedents on or

around February 25, 2022, in the following particulars to wit:

a. In consciously failing to provide reasonable, necessary and appropriate
medical/mental health care to the Plaintiffs/Decedents when he had the opportunity
and obligation to do so. Further, in failing to provide reasonable, necessary and

28

appropriate medical/mental health care to the Plaintiffs/Decedents – who had serious medical/mental health conditions which was open and obvious to Defendant who had contact with them;

b.  In consciously failing to use even slight care and caution in the safekeeping of Plaintiffs/Decedents;

c.  In entering into a pattern and practice of failing to provide appropriate medical/mental health care;

d.  In entering into a pattern and practice of administering cruel and unusual punishment without due process, including but not limited to mentally and verbally torturing Plaintiffs/Decedents post-collision for "speeding" when they, in fact, were not in control of the vehicle driven by Hills but instead victims of Hills;

e.  In consciously failing to sufficiently screen, classify and/or monitor Plaintiffs/Decedents while they were effectively detained by Defendant due to his actions in chasing in the fashion that he did resulting in a collision, so as to determine the severity of their condition and to recognize and prevent additional physical and/or mental injury, and in the case of Decedents Riley and Simpson, their death;

f.  In knowingly, deliberately and consciously denying appropriate medical/mental health care to Plaintiffs/Decedents;

g.  In engaging in a pattern and practice of consciously failing to provide reasonable and necessary medical/mental health care and/or treatment to Plaintiffs/Decedent(s) as detainees in his custody post-collision – causing them to needlessly suffer and/or die;

29

h. In engaging in a pattern and practice of failing to provide appropriate care and concern for Plaintiffs/Decedents while chasing Hills at over 125mph in the middle of the City of Orangeburg;

i. In failing to properly consider the medical and mental health injuries foreseeably possible based on Defendant's own conduct during the chase and appropriately preparing emergency responders for the open and obviously likelihood emergency responders medical care would be required soon;

j. In consciously failing to properly care for Plaintiffs/Decedents, when Defendant and his subordinate personnel, agents and/or officers knew or should have known that Plaintiffs/Decedents were in dire need of either medical assistance and/or treatment;

k. In consciously failing to monitor the Plaintiffs/Decedents while on scene post-collision so Defendant could provide emergency medical updates to any emergency medical responders in route to the scene such that they would be adequately prepared to treat Plaintiffs/Decedents then existing medical emergencies;

l. In consciously failing to monitor Plaintiffs/Decedents and take steps to provide medical assistance to them when Defendant knew or should have known Plaintiffs/Decedents were in such a state that they would be unable to care for themselves;

m. In consciously failing to monitor Decedents Riley and Simpson and take adequate steps to recognize and attempt to prevent their ultimate death;

n. In consciously withholding proper medical/mental health information from emergency medical responders in route to the scene post-collision such that said

failure exacerbated and/or unnecessarily extended conscious pain and suffering of Plaintiffs/Decedents from their then existing medical emergencies;

o.  In consciously failing to have the proper policy and procedures necessary to ensure that Plaintiffs/Decedents are provided basic and/or appropriate medical/mental health care post-high speed chase;

p.  If said procedures do exist, in consciously failing to follow the same;

q.  In abandoning Plaintiffs/Decedents when they were in desperate need for medical care;

r.  In consciously failing to follow the mandates of the South Carolina Highway Patrol Policies and Procedures and/or Post Orders;

s.  In consciously failing to follow the mandates of the **South Carolina Department of Public Safety Standard Operating Procedures (SOP) on Vehicular Pursuit Management Techniques**;

t.  In consciously failing to follow the mandates of the **South Carolina Department of Public Safety Standard Operating Procedures (SOP) on Emergency Response/Vehicle and Foot Pursuit**;

u.  In failing to start and implement the appropriate life saving measures post-collision on February 25, 2022, when Decedents Riley and Simpson were first contacted.

75. As a direct and proximate result of the Defendant's acts of willful, malicious, conscious and deliberate indifference, Plaintiffs/Decedents suffered deprivations of their rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Additionally, as a direct result of the above, Decedents Riley and Simpson suffered needlessly and ultimately died.

31

76. As a result, Plaintiffs/Decedents suffered conscious pain, mental and physical suffering, indignity, and loss of their aforementioned federal rights. Plaintiffs/Decedents Riley and Simpson have suffered the loss of the lives of the Decedents, loss of their love and support, mental anguish, emotional distress, incurred funeral expenses, attorneys' fees, and undue grief, and will likely suffer from the effects of Defendant's actions now and in the future, and Plaintiffs/Decedents Riley and Simpson demand ACTUAL, CONSEQUENTIAL, and PUNITIVE DAMAGES from the Defendant.

WHEREFORE, the Plaintiffs/Decedents prays for judgment against the Defendant, for ACTUAL, CONSEQUENTIAL, AND PUNITIVE DAMAGES, costs and attorneys' fees pursuant to 42 U.S.C. 1988, and all incidental costs. Plaintiffs/Decedents demands a trial by jury as provided for in the Seventh Amendment to the Constitutional of the United States of America. Dated this 24th day of February 2025, in Bamberg, South Carolina.

Respectfully Submitted By:

| | |
|---|---|
| */s/ Justin T. Bamberg* | */s/ Russell B. Long* |
| Justin T. Bamberg, Esq. (Fed. ID No.: 11363) | Russell B. Long, Esq. (Fed. ID No.: 7522) |
| Adam C. Ness, Esq. (Fed. ID No.: 11673) | Michael J. Schwartz, Esq. (Fed. ID No.: 12552) |
| **BAMBERG LEGAL, LLC** | **RUSSEL B. LONG, P.A.** |
| 104 Bridge Street | 5307 North Kings Highway |
| Bamberg, SC 29003 | Myrtle Beach, SC 29577 |
| Phone: (803) 956-5088 | Phone: (843) 449-1222 |
| Fax: (803) 956-5094 | Fax: (843) 497-0562 |
| Email: jbamberg@bamberglegal.com | Email: russelllonglaw@rblongpa.com |
| Email: acness@bamberglegal.com | Email: mj@rblongpa.com |
| | |
| ***ATTORNEYS FOR PLAINTIFF LAQUETTA SIMPSON, PERSONAL REPRESENTATIVE OF THE ESTATE OF ZELERIA SIMPSON*** | ***ATTORNEYS FOR PLAINTIFF CHUKEYA WILLIAMS*** |

*/s/ David R. Williams*
David R. Williams, Esq. (Fed. ID No.: 10651)
Virginia W. Williams, Esq. (Fed. ID No.: 10778)
**WILLIAMS AND WILLIAMS**
1281 Russell Street
Post Office Box 1084
Orangeburg, SC 29115
Phone: (803) 534-5218
Fax: (803) 928-5190
Email: david@williamsattys.com
Email: ginny@williamsattys.com

Robert "Tabor" Vaux, Jr., Esq. (Fed. ID No.: 12675)
Victoria I. Tuten, Esq. (Fed. ID No.: 13974)
**VAUX MARSCHER BERGLIND, P.A**.
1251 May River Road
Post Office Box 769
Bluffton, SC 29910
Phone: (843) 757-2888
Fax: (843) 757-2889
Email: tabor.vaux@vmblawfirm.com
Email: victoria.tuten@vmblawfirm.com

***ATTORNEYS FOR PLAINTIFF DASIA LUCAS***

*/s/ Mark B. Stanley*
Mark B. Stanley, Esq. (Fed. ID No.: 12554)
H. Ronald Stanley, Esq. (Fed. ID No.: 4276)
Breon C.M. Walker, Esq. (Fed. ID No.: 9521)
Samuel M. Mokeba, Esq. (Fed. ID No.: 9373)
**THE STANLEY LAW GROUP, PA**
1418 Park Street
Post Office Box 7722
Columbia, SC 29202
Phone: (803) 799-4700
Fax: (803) 799-3036
Email: mbstanley@stanleylawsc.com
Email: hrstanley@stanleylawsc.com
Email: bwalker@stanleylawsc.com
Email: smokeba@stanleylawsc.com

***ATTORNEYS FOR PLAINTIFF TAMIKA THOMAS AND PLAINTIFF DAVID RILEY, PERSONAL REPRESENTATIVE FOR THE ESTATE OF SHEMYIA RILEY***